UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) CASE NO. 2:12-CR-175-PPS-APR |
| DANIELA TARTAREANU, | ) |
| Defendant. | ) |

## OPINION AND ORDER

More than four years ago, Daniela Tartareanu was convicted by a jury of one count of conspiracy and sixteen counts of wire fraud in connection with a widespread mortgage fraud. Despite receiving a sentence of 21 months, Ms. Tartareanu has yet to report to federal prison. This is because I previously granted, in part, a motion to stay her surrender date until December 3, 2018, which I later extended to January 9, 2019. [DE 417, 428.] Those stays were an extension of a prior delay of her reporting date which were granted by the court so that she and her husband could serve staggered sentences and in the interest of their children. [DE 305 at 26-29.] Ms. Tartareanu now seeks yet another extension of her surrender date beyond January 9, 2019. [DE 426.] The basis for her present motion is her filing of a petition for a writ of habeas corpus under 28 U.S.C. § 2255. [DE 420.]

Tartareanu advances three reasons why her reporting date should be stayed (indefinitely) pending resolution of her Section 2255 petition. First, she argues that she "was invaluable in preparing the Petition and exhibits" and that if she has to go to

prison for the crimes she was convicted of in 2014, she will be unable to assist her counsel as much as he continues to litigate the case. Second, she argues that she will suffer irreparable harm if she reports to prison and later prevails on her Section 2255 Petition because she will have spent time in prison for a conviction which was vacated. Third, she argues that further delay of her reporting date will not prejudice the government.

The biggest problem with this formulation and these three arguments is that they ignore the relevant legal standards in the Seventh Circuit governing how I may use my inherent power to order release or grant bail pending resolution of a Section 2255 petition. In particular, the Seventh Circuit has noted that such power should "be exercised very sparingly." *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985). The court continued:

> The reasons for parsimonious exercise of the power should be obvious. A defendant whose conviction has been affirmed on appeal (or who waived his right of appeal, as by pleading guilty, or by foregoing appeal after being convicted following a trial) is unlikely to have been convicted unjustly; hence the case for bail pending resolution of his postconviction proceeding is even weaker than the case for bail pending appeal. And the interest in the finality of criminal proceedings is poorly served by deferring execution of sentence till long after the defendant has been convicted.

*Cherek*, 767 F.2d at 337. As such, the court held that the standard governing release pending disposition of a Section 2255 habeas petition is *higher* than the standard

2

governing bail pending appeal under 18 U.S.C. § 3143(b). *Id.* at 337-38. And Tartareanu does not even attempt to meet the requirements of Section 3143(b) in her motion.

For example, "only when the petition has raised substantial constitutional claims upon which [the petitioner] has a high probability of success and extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." *United states v. Zollicoffer*, 2017 WL 76936, at *2 (C.D. Ill Jan. 9, 2017) (citation omitted); *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990) ("[P]risoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of 'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.'") (*quoting Aronson v. May*, 85 S.Ct. 3, 5 (1964) (Douglas, J., in chambers)). In *Zollicoffer*, release pending disposition of a Section 2255 claim was granted because at the time the petitioner had already served more than 152 months in prison and that if he were to success on his petition—as he was likely to do so after the Supreme Court's decision in *United States v. Johnson*, 135 S. Ct. 2551 (2015)—he would have served more than the maximum guideline sentence for his conviction.

Here, no such high probability of success has been shown. Tartareanu, of course, argues she has a high probability of success on her claim that she had ineffective assistance of counsel based on a series of alleged deficiencies in how her counsel cross-examined (or failed to adequately cross-examine) witnesses, how evidence was presented, and other performance issues. But there was ample evidence to support her

3

convictions, as I stated at her initial sentencing, and by the fact that the Seventh Circuit has reviewed this case two separate times and left her conviction wholly in tact. *See United States v. Litos*, 847 F.3d 906 (7th Cir. 2017); *United States v. Tartareanu*, 884 F.3d 741 (7th Cir. 2018).

It is true that I previously decided that the petition had at least enough merit that it could not be summarily decided without a response from the government, meaning that it was not frivolous on its face. [DE 427]. But that is not indicative of an opinion about the petition's ultimate success. As the government notes, those pressing claims of ineffective assistance of counsel face a high burden: Tartareanu must show her attorney's performance was objectively unreasonable and so prejudicial that she did not receive a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687-688 (1984); *Harrington v. Richter*, 562 U.S. 86, 104-105 (2011). I have reviewed Tartareanu's nearly 150-page petition and am not convinced that she has demonstrated a high probability of success on a substantial legal issue akin to *Zollicoffer*.

But regardless, even if she had made a high showing of probably success on the merits, there is nothing exceptional or extraordinary about this case, save for the leniency I have already afforded Tartareanu. First, as alluded to above, I agreed to a staggering of her sentence with her co-defendant husband's (so that she would not begin to serve her sentence until after her daughter graduated high school). [DE 305 at 17, 28-29.] Second, I granted her first Motion to Stay Surrender Date as a result of family medical needs and so that her surrender date would occur after her husband was

4

released from a halfway house. [DE 417.] It would be perverse if my prior accommodation of Tartareanu and her family resulted in a continued and indefinite stay of her reporting date. At bottom, Tartareanu argues (like nearly every Section 2255 habeas petitioner) that her conviction was unlawful and that thus her confinement would be unlawful, but "there is nothing unusual about a claim of unlawful confinement in a habeas proceeding." *Martin v. Solem*, 801 F.2d 324, 330 (8th Cir. 1986).

In sum, it has been more than four years since a jury decided that Ms. Tartareanu was guilty of seventeen federal felony offenses. She received a below guidelines sentence of 21 months. I did my best to accommodate Ms. Tartareanu and her family in the service of her sentence. But that accommodation is now over, and accordingly, her Second Motion to Stay Surrender Date [DE 426] is DENIED. Defendant shall report to the Bureau of Prisons on January 9, 2019, as previously ordered.

Finally, during the December 3, 2018 hearing on this matter, counsel for defendant moved for leave to file a reply in support of her Section 2255 habeas petition. The Motion for Leave to file a reply is GRANTED; defendant shall file her reply, if any, to the Government's Response no later than 14 days after the Government's Response is filed.

So ORDERED on December 14, 2018.

/s/ Philip P. Simon\
PHILIP P. SIMON, JUDGE\
UNITED STATES DISTRICT COURT